YATES, Presiding Judge,
dissenting.
I respectfully dissent. Judge Thompson’s opinion states that the “testimony presented on the issue of causation affords nothing more than mere speculation.” 794 So.2d at 1172. I disagree. Langham testified that he had lived at his residence since 1958, over 40 years, and that it had never flooded before Wal-Mart began its construction. He stated that following two heavy rainfalls (rainfalls of 9 inches and 11 inches), he sustained severe water damage to his property. He explained that a drainage ditch was located behind his property and that it overflowed, allowing at least six inches of water to enter his residence, and that he had seen the water coming from the Wal-Mart “catch pond.” Crist, Langham’s expert, stated, in part:
“Wal-Mart had a retention pond, and I can’t state whether it was adequate or not, but it did overflow. It was not capable of handling the rainfall in that occurrence, and they came back at a later date and instead of releasing the water to the east into a drainage area, they came to the County and requested that they be allowed to put the drain pipe down Noble Lane to the ditch behind Mr. Langham’s house as a retrofit for the discharge from their retention pond.”
Crist stated that although he was not aware of any engineering or design standards that had been violated, he believed “Wal-Mart’s failure to initially install a culvert pipe that would divert water away from the property to the ditch behind 5251 Noble Lane caused the flooding.” Based on this testimony, the trial court correctly advised the jury that once Wal-Mart undertook to construct a drainage system, it had a duty to maintain that system with reasonable care. Further, our supreme court, in Peters v. Calhoun County Commission, 669 So.2d 847 (Ala.1995), stated:
“ ‘But the fact that an ultimate jury verdict in the plaintiffs favor might involve some speculation or conjecture as to what caused [plaintiffs] fall is not dispositive of this case. There is nothing wrong with a case built around sufficient circumstantial evidence, provided the circumstances are proved and not merely presumed. Any judgment in such a case must necessarily involve *1174 some amount of speculation or inference by the jury. There is conjecture only where there are two or more plausible explanations of causation, and the evidence does not logically point to one any. more than the other. Where the evidence does logically point in one direction more than another, then a jury can reasonably infer that things occurred in that way.’ ”
Id. at 851-852 (quoting Folmar v. Montgomery Fair Co., 293 Ala. 686, 690, 309 So.2d 818, 821 (1975)).
It is not the province of this court to reweigh the evidence presented at trial. “Further, ‘A strong presumption of correctness attaches to a jury verdict in Alabama, if the verdict passes the “sufficiency test” presented by motions for directed verdict and JNOY. This presumption of correctness is further strengthened by a trial court’s denial of a motion for new trial.’ ” Wal-Mart Stores, Inc. v. Tuck, 671 So.2d 101, 105 (Ala.Civ.App.1995), quoting City of Gulf Shores v. Harbert Int’l, 608 So.2d 348, 356 (Ala.1992) (citations omitted). “Because the jury returned a verdict for [the plaintiff], any disputed questions of fact must be resolved in [his] favor, and we must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict.” Crown Life Ins. Co. v. Smith, 657 So.2d at 821, 822 (Ala.1994). In reviewing a judgment based on a jury verdict, this court must review the record in a light most favorable to the appellee. Id. In this case, the evidence included Langham’s testimony that for over 40 years his residence had not flooded; expert testimony that Wal-Mart’s initial failure to install a culvert pipe had caused the flooding; and evidence that Wal-Mart undertook to build the drainage system. “Mere speculation”? I think not. I would affirm the judgment based on the jury verdict. See Water Works & Sewer Bd. of Ardmore v. Wales, 533 So.2d 212 (Ala.1988); Carson v. City of Prichard, 709 So.2d 1199 (Ala.1998).